UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| DENICE MARTIN, QUINTON MARTIN, ANTHONY C. MARTIN, TONY MARTIN, and AMANDA DELAGRANGE, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:18-CV-121-TLS |
| NOBLE COUNTY SHERIFF'S DEPARTMENT, NOBLE COUNTY PROSECUTOR'S ALLEN COUNTY SHERIFF'S DEPARTMENT, FORT WAYNE POLICE DEPARTMENT, INDIANA STATE POLICE DEPARTMENT, DOUG HARP (NOBLE CO. SHERIFF), SGT. HOE HUTSELL (NOBLE CO. SHERIFF), SGT. TIM DOLBY (NOBLE CO. SHERIFF), DETECTIVE SHAWN DUNAFIN (NOBLE CO.) DETECTIVE MICHAEL CARROLL (NOBLE CO.) LIEUTENANT R. CORY CULLER (ISP), SGT. JOHN R. PETRO (ISP), and UNKNOWN OFFICERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

The Plaintiffs, Denice Martin, Quinton Martin, Anthony C. Martin, Tony Martin, and Amanda Delagrange, proceeding pro se, initiated this litigation against several sheriff's departments, the Fort Wayne Police Department, the Indiana State Police, the Noble County Prosecutors, and individual officers employed by state and municipal law enforcement agencies. On July 6, 2018, Defendants Indiana State Police Department, Noble County Prosecutors, and R. Cory Culler and Sergeant John R. Petro from the Indiana State Police Department (the State Defendants) moved to dismiss the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). [State Defs.' Mot. to Dismiss, ECF No. 18]. The Plaintiffs have not responded to the Motion.

**ANALYSIS**

The Complaint sets out events that occurred on August 22, 2017.[1] It describes the conduct of unknown members of law enforcement that would, if true, support Fourth Amendment claims for excessive force and unreasonable search and seizure. The Plaintiffs do indeed assert, through 42 U.S.C. § 1983, that these constitutional violations, among others, resulted from the events of August 22. The Complaint also identifies the Americans with Disabilities Act (ADA) and state law torts as potential grounds for the recovery of more than $92.7 million in damages. In addition to monetary damages, the Complaint asks for "a preliminary injunction for the harassment and retaliation by the mentioned defendants, and or officers of the mentioned departments." (Compl. p. 8.)

Section 1983 gives federal courts the jurisdiction to hear lawsuits that allege violations of constitutional rights by persons acting under color of state law. However, there are limits to a court's ability to adjudicate actions under section 1983. "Section 1983 only permits an individual to sue a 'person' who deprives that individual of his or her federally-guaranteed rights under color of state law." *Snyder v. King*, 745 F.3d 242, 246 (7th Cir. 2014). The State Defendants who are, for legal purposes, the State of Indiana, assert that they are not recognized persons under § 1983. The individual officers argue that the Plaintiffs' Complaint does state a claim for relief against them under federal pleading requirements, which requires more than a formulaic recitation of the elements of a cause of action.

---

[1] The Complaint does not provide the year in which the events occurred, but the State Defendants assert that it was 2017. The year is not pertinent to the outcome of the Motion.

A.      **Section 1983 Claims Against the State and its Agencies**

Suing the Indiana State Police, the Noble County Prosecutors, and Indiana State Police officers in their official capacities is the same as suing the State of Indiana. But neither States, nor state officials acting in their official capacities, are "persons" who can be sued under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons'" liable for damages "under § 1983."). *See also Endres v. Ind. State Police*, 349 F.3d 922, 927 (7th Cir. 2003) ("The Indiana State Police, as a unit of state government, is not a 'person' as § 1983 uses that term and therefore is not amenable to a suit for damages under that statute."); *Study v. United States*, 782 F. Supp. 1293, 1297 (S.D. Ind. 1991) (the position of deputy prosecuting attorneys in Indiana county "is one of state office, even though employed by a specific office"); *Bibbs v. Newman*, 997 F. Supp. 1174, 1178 (S.D. Ind. 1998) ("A prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases."); *see also Srivastava v. Newman*, 12 F. App'x 369, 371 (7th Cir. 2001) (agreeing with *Bibbs* and *Study* because "[t]he office of prosecutor is a creation of the Indiana Constitution, *see* Ind. Const. art. 7, § 16, and state statutes govern the prosecutor's duties and powers"). Accordingly, any claim for monetary damages being pursued under § 1983 against the State Defendants (excluding the individual capacity claims) is not a cognizable claim and will be dismissed.

Section 1983, however, permits official-capacity suits against state officials that seek only injunctive relief. *Will*, 491 U.S. at 71 n.10. Although the Complaint references preliminary injunctive relief, the Court does not find that the Complaint's lone reference to a preliminary injunction sets forth a plausible claim for equitable relief. The Complaint's factual narrative does

not provide a single fact to suggest that the wrongs the Plaintiffs complain of are continuing and ongoing. Rather, it sets forth, from the perspective of one of the Plaintiffs, the events that took place on one particular evening in August 2017 when officers entered her home. Thus, there is no conduct to enjoin. *See Daniels v. Southfort*, 6 F.3d 482, 485 (7th Cir. 1993) (noting that the "extraordinary remedy" of enjoining police conduct is only appropriate in a § 1983 action "where there is a persistent pattern of police misconduct"). Injunctive relief as a remedy for the claims arising out of the August 2017 events "is unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again—a 'likelihood of substantial and immediate irreparable injury.'" *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (quoting *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974)).[2]

With no valid claim for injunctive relief, the statutory rule that a State is not a person who can be sued under § 1983 makes it "unnecessary to consider what limits the Eleventh Amendment would create." *Mercado v. Dart*, 604 F.3d 360, 362 (7th Cir. 2010) (citing *Lapides v. Univ. Sys. of Ga.*, 535 U.S. 613, 617–18 (2002)); *see also Power v. Summers*, 226 F.3d 815, 817 (7th Cir. 2000) (noting that because § 1983 does not authorize suits against states, the district court should have dismissed the official-capacity claims against the public university officials before addressing the Eleventh Amendment defense).

---

[2] The Plaintiffs' standing to pursue injunctive relief is also questionable. *See Lyons*, 461 U.S. 95; *Sierakowski v. Ryan*, 223 F.3d 440 (7th Cir. 2000). "Past exposure to illegal conduct . . . does not in itself show a present case or controversy regarding injunctive relief." *Sierakowski*, 223 F.3d at 443 (quoting *O'Shea*, 414 U.S. at 495).

B.  **Individual Capacity Claims**

As to the claims against Sergeant John R. Petro and R. Cory Culler in their individual capacities, the Complaint does not state a plausible claim. That is, it does not state a claim that would allow "the court to draw the reasonable inference that the [D]efendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). A defendant is not liable under § 1983 unless he "participated directly in the constitutional violation." *Hildebrandt v. Ill. Dep't of Nat'l Res.*, 347 F.3d 1014, 1039 (7th Cir. 2003); *see also Iqbal*, 556 U.S. at 676 (holding that "a plaintiff must plead that each Government-official defendant through the official's own individual actions, has violated the Constitution"). The Complaint does not allege any personal involvement by Petro or Culler in the events of August 22, 2017. Nor are there any factual allegations upon which it could be inferred that the alleged constitutional deprivations occurred at Petro's or Culler's direction or with their knowledge and consent, such that supervisory liability could apply. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) (stating that official satisfies § 1983's personal responsibility requirement "if the conduct causing the constitutional deprivation occurs at his direction or with his knowledge and consent") (internal quotation marks and brackets omitted). The factual content is far too sparse regarding who did what to "show[] that the pleader is entitled to relief" Fed. R. Civ. P. 8(a)(2), from these Defendants.

C.  **American with Disabilities Act Claim**

The Plaintiffs claim that the Defendants were not properly trained to handle individuals with mental health issues—such as her son, Quinton, who is autistic—and thus violated the

ADA. Section 202 of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. "[A] Title II claim under the ADA 'may be established by evidence that (1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people.'" *Wis. Cmty. Servs., Inc. v. City of Milwaukee*, 465 F.3d 737, 753 (7th Cir. 2006) (quoting *Washington v. Ind. High Sch. Athletic Assoc.*, 181 F.3d 840, 847 (7th Cir. 1999)); *see also CTL ex rel. Trebatoski v. Ashland Sch. Dist.*, 743 F.3d 524, 528–29 (7th Cir. 2014).

The pleaded factual content does not describe the particular role of the State Defendants in the treatment of Quinton on August 22, 2017. The Complaint, which contains only a conclusory allegation that officer were not properly trained, is insufficient to state a claim. *Cf. McCauley v. City of Chi.*, 671 F.3d 611, 617 (7th Cir. 2011) (finding that "[m]any of the alleged 'facts,'" such as the claim that the city had "an unwritten custom, practice and policy to afford lesser protection or none at all to victims of domestic violence" were "actually legal conclusions or elements of the cause of action, which may be disregarded on a motion to dismiss"). The ADA claim will be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).

D. **Federal Claims and Supplemental Jurisdiction**

Having reviewed the pro se Complaint more liberally than it would one that was drafted by a trained attorney, *see Erickson v. Pardus*, 551 U.S. 89 (2007), the Court still cannot find that it sets forth any plausible federal claims against the State Defendants. With the federal claims

against them dismissed, the State Defendants urge the Court to decline to exercise supplemental jurisdiction over any state law claims against them. The federal statute that allows supplemental jurisdiction of state law claims permits a district court to decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Although no federal claims remain as to the State Defendants, the Court, at this juncture, still has original jurisdiction over the § 1983 claims pending against the various municipal Defendants.

Accordingly, the Court will dismiss the federal claims against the State Defendants, but still retains jurisdiction of the case. Moreover, to the extent the Plaintiffs are able to cure any of the deficiencies identified above, such as the failure to allege facts supporting individual liability against the Indiana State Police officers, the dismissal will be without prejudice and with leave to file an amended complaint. *See Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008) ("District courts routinely do not terminate a case at the same time that they grant a defendant's motion to dismiss; rather, they generally dismiss the plaintiff's complaint without prejudice and give the plaintiff at least one opportunity to amend her complaint."); *see also Carmody v. Bd. of Trustees of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014) ("In general, a district court should freely give leave to amend to cure curable defects, at least where there is no undue delay or undue prejudice to the opposing party.").

## CONCLUSION

For the reasons stated above, the Court GRANT IN PART and DENIES IN PART the State Defendants' Motion to Dismiss [ECF No. 18]. The federal claims against the State

Defendants (Indiana State Police Department, Noble County Prosecutors, R. Cory Culler, and John R. Petro) are dismissed. All other claims remain pending.

SO ORDERED on September 4, 2018.

       s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT