**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| DENICE MARTIN, et al.,       ) | |
|        Plaintiffs,    ) | |
|        ) | |
| v.       ) | CAUSE NO.: 1:18-CV-121-TLS-PRC |
|        ) | |
| NOBLE COUNTY SHERIFF'S       ) | |
| DEPARTMENT, et al.,       ) | |
|        Defendants.    ) | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Quash [DE 50], filed by Defendant Indiana State Police Department ("ISP") on November 8, 2018. This matter is also before the Court on "Plaintiff's Motion to Object/Oppose to the Defendants Motion to Quash" [DE 51] and a document titled "Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)" [DE 52], both filed by Denice Martin, Quinton Martin, and Anthony Martin on November 21, 2018. On November 28, 2018, Defendant ISP filed a "Reply in Support of Motion to Quash and Response in Opposition to Other Motions" [DE 53]. Plaintiffs have not filed a reply in support of their "Plaintiff's Motion to Object/Oppose to the Defendants Motion to Quash" or in support of their document titled "Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)," and the time to do so has passed. Finally, the Court also considers "Plaintiff's Motion to Compel Discovery & Things/Indiana State Police Department" [DE 55], filed by Anthony Martin on December 4, 2018.

On October 9, 2018, Anthony Martin filed with the Court a set of interrogatories directed at ISP, citing Federal Rule of Civil Procedure 33. *See* (ECF 35). The first page of the interrogatories shows that the interrogatories were scanned from the Pendleton Correctional Facility and signed by Anthony Martin only.

Also on October 9, 2018, Anthony Martin filed with the Court a set of requests for production directed to ISP, citing Federal Rule of Civil Procedure 34. *See* (ECF 41). This document is signed by Anthony Martin only.

1.  *Motion to Quash (ECF 50) and "Motion to Object/Oppose to the Defendants Motion to Quash" (ECF 51)*

In the Motion to Quash, ISP asks the Court to quash the October 9, 2018 discovery requests propounded on ISP by Anthony Martin on the basis that Anthony Martin is not a party to this litigation because he did not sign the Complaint and because he is not represented by counsel. The November 18, 2018 response to the Motion to Quash is signed by Anthony Martin as well as Plaintiffs Denice Martin and Quinton Martin. On November 28, 2018, ISP filed a reply.

Federal Rule of Civil Procedure 11(a) requires that "[e]very pleading . . . must be signed by . . . a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a). In addition, 28 U.S.C. § 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." Importantly, "one pro se litigant cannot represent another." *Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2008) (citing 28 U.S.C. § 1654); *see also Cooper v. Sankey*, No. 08-CV-399, 2008 WL 2954288, at *1 (W.D. Wis. July 30, 2008) (noting that an individual was "not a proper party to the case because she [had] not signed the complaint" and that the pro se plaintiff who did sign the complaint did "not have the authority to file a complaint on someone else's behalf, even his wife's"). As noted by ISP, although Anthony Martin's name is listed in the caption of the Complaint, the Complaint is signed only by Denice Martin and Quinton Martin, with an address of 214 East Masterson Ave., Fort Wayne, Indiana. *See* (ECF 1). There is no signature of Anthony Martin on the Complaint. *See id*. Thus, Anthony Martin is not a proper party.

Federal Rule of Civil Procedure 26 provides that "the scope of discovery is as follows: *Parties* may obtain discovery . . . that is relevant to any *party's* claim." Fed. R. Civ. P. 26(b)(1) (emphasis added). Rule 33 provides that a "*party* may serve on any other *party* no more than 25 written interrogatories." Fed. R. Civ. P. 33(a)(1) (emphasis added). And, Rule 34 provides that a "*party* may serve on any other *party* a request [for production] within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a) (emphasis added). The October 9, 2018 interrogatories and requests for production at issue were signed only by Anthony Martin and were sent from Pendleton Correctional Facility. Neither Plaintiff Denice Martin nor Plaintiff Quinton Martin signed either the interrogatories or the requests for production. Thus, ISP contends that, because Anthony Martin is not a proper party, he cannot issue discovery and his discovery requests should be quashed.

The Plaintiffs' "Motion to Object/Oppose to the Defendants Motion to Quash" asserts that "plaintiffs have incorporated all parties/plaintiffs on May 7, 2018, [when] Denice Martin filed complaint." (ECF 51, p. 2). No legal basis is offered for this statement, and the fact remains that Anthony Martin did not sign the May 7, 2018 Complaint. Notably, Plaintiffs have not filed a Motion for Leave to Amend Complaint with a proposed Amended Complaint containing the signature of all plaintiffs. *See* Fed. R. Civ. P. 15; N.D. Ind. L.R. 15.1. Anthony Martin cites Federal Rules of Civil Procedure 26(e), regarding a party's duty to supplement discovery responses, and 26(g)(2), regarding the failure to sign a discovery request, but neither rule allows for discovery by a non-party. Anthony Martin's October 9, 2018 discovery requests are brought either as a non-party or as a non-attorney attempting to represent Plaintiffs Denice Martin and Quinton Martin, neither of which is permissible. Accordingly, the Court grants ISP's motion and quashes Anthony Martin's October 9, 2018 discovery requests to ISP.

2. *"Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)" (ECF 52)*

In their November 21, 2018 filing titled "Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)," *see* (ECF 52), Denice Martin, Anthony C. Martin, and Quinton Martin seek leave of court to join as party plaintiffs Anthony C. Martin, Amanda Delagrange, and Tony Martin and ask the Court to deny the Motion to Quash. In support, they cite Federal Rules of Civil Procedure 18(a) and 20(a)(1)(A). Federal Rule of Civil Procedure 18(a) provides that "[a] party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Federal Rule of Civil Procedure 20(a)(1)(A) provides that "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; . . . ." Fed. R. Civ. P. 20(a)(1)(A).

In support of the relief requested, Denice Martin submitted a sworn declaration stating, in relevant part, that Plaintiffs are in the process of amending their complaint before the court. However, as noted above, Plaintiffs have not filed a Motion to Amend Complaint with the signed proposed Amended Complaint attached as an exhibit. Northern District of Indiana Local Rule 15-1(a) requires that "Motions to amend a pleading must include the original *signed* proposed amendment as an attachment." N.D. Ind. L.R. 15-1(a) (emphasis added). Local Rule 15-1(c) provides that the failure to comply with Local Rule 15-1(a) is not grounds to deny the motion. N.D. Ind. L.R. 15-1(c). However, as it appears that Plaintiffs would seek to amend the Complaint primarily to include the signature of all Plaintiffs, the instant motion for joinder is premature. Moreover, Plaintiffs' representation that they are working on a motion to amend their Complaint does not change the fact that Anthony Martin served discovery as a non-party. Therefore, the Court

4

denies, as premature, the relief requested in the "Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)."

3. *"Plaintiff's Motion to Compel Discovery & Things/Indiana State Police Department" (ECF 55)*

The motion titled "Plaintiff's Motion to Compel Discovery & Things/Indiana State Police Department" is signed only by Anthony Martin. The motion asks the Court to require ISP to respond to Anthony Martin's October 9, 2018 interrogatories and requests for documents discussed above. Because the Court has quashed Anthony Martin's discovery requests, there are no discovery responses to compel. Therefore, the Court denies as moot "Plaintiff's Motion to Compel Discovery & Things/Indiana State Police Department."

## CONCLUSION

Accordingly, the Court hereby **GRANTS** the Motion to Quash [DE 50], **QUASHES** Anthony Martin's October 9, 2018 Interrogatories [DE 35] and Requests for Production to ISP [DE 41], and **ORDERS** that ISP is not obligated to respond to those discovery requests.

The Court **DENIES** "Plaintiff's Motion to Object/Oppose to the Defendants Motion to Quash" [DE 51].

The Court **DENIES without prejudice** the relief contained within the document titled "Fed. Rules of Civil Procd. Rule 18(a) & Rule 20(a)(1)(A)" [DE 52].

The Court **DENIES as moot** "Plaintiff's Motion to Compel Discovery & Things/Indiana State Police Department" [DE 55].

SO ORDERED this 18th day of December, 2018.

s/ Paul R. Cherry
MAGISTRATE JUDGE PAUL R. CHERRY
UNITED STATES DISTRICT COURT

cc: Pro se Parties