UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| DENICE MARTIN, et al., | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 1: 18-CV-121 |
| NOBLE COUNTY SHERIFF'S DEPT., et al., | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court for ruling on several pending motions. Plaintiff Anthony Martin, individually, filed a "Motion to Correct, Alter or Reconsider Judgment" on September 2, 2018 (ECF 29). Four of the 12 named Defendants filed a response to the motion on October 4, 2018 (ECF 32), to which the Plaintiffs did not reply. Plaintiffs Denice Martin, Quinton Martin and Anthony Martin, collectively, filed a "Motion to Object/Oppose Defendants' Motion to Dismiss" on October 2, 2018 (ECF 31). None of the Defendants filed responses to this second motion (likely because they did not deem it necessary). For the reasons set forth below, **both of those motions are DENIED.**

Also pending is a motion for summary judgment filed by one of the Defendants, the Fort Wayne Police Department, on October 31, 2018 (ECF 45), seeking judgment in its favor on all of the Plaintiffs' claims. The Plaintiffs have moved for and received two extensions of time to respond to the motion. *See* Court Orders at ECF 57 and ECF 74. The Court's Order at ECF 74 granted the Plaintiffs until May 7, 2019, to file their response. On April 29, 2019, the Plaintiffs filed two pleadings. The first is titled "Plaintiff's Motion to Defer Summary Judgment" (ECF

75). The second is titled "Motion for Continuance Extension to Respond to Defendants (City of Fort Wayne) Summary Judgment" (ECF 78). None of the Defendants have filed responses to these motions and both are **GRANTED**. The Plaintiffs are directed to file their response to the FWPD's motion for summary judgment **no later than August 23, 2019. The Plaintiffs are cautioned that no additional extensions of time will be granted absent compelling reasons.**

DISCUSSION

**1. Motion to Correct (ECF 29) and Motion to Object/Oppose (ECF 31).**

The Plaintiffs seek the same relief in both of these motions: they want the Court to reconsider its Opinion and Order entered on September 4, 2018 (ECF 26). In that order, Chief Judge Springmann granted in part and denied in part a motion to dismiss filed by four of the 12 defendants (the Indiana State Police Department, I.S.P. Officer R. Cory Culler, I.S.P. Officer John R. Petro, and the Noble County Prosecutor's Office).[1] Those defendants argued that they were entitled to dismissal of the claims against them for several reasons. *See* Motion to Dismiss (ECF 18) and brief in support (ECF 19). Judge Springmann held as follows:

> [T]he Court will dismiss the federal claims against the State Defendants, but still retains jurisdiction of the case. Moreover, to the extent the Plaintiffs are able to cure any of the deficiencies identified above, such as the failure to allege facts supporting individual liability against the Indiana State Police officers, the dismissal will be without prejudice and with leave to file an amended complaint.

Opinion and Order, p. 7. Judge Springmann also wrote in her order that "[t]he federal claims against the State Defendants (Indiana State Police Department, Noble County Prosecutors, R. Cory Culler, and John R. Petro) are dismissed. All other claims remain pending." *Id.*, pp. 7-8.

---

[1] This case was reassigned to this judicial officer on May 10, 2019 (ECF 82).

2

The Plaintiffs complain that they did not have an opportunity to respond to the motion to dismiss before Judge Springmann's ruling, and ask the Court to reconsider the rulings in that order–that is, the dismissal of their federal claims against those four Defendants. *See* Motion to Correct; Alter, or Reconsider Judgment (ECF 29) ("[P]laintiff(s) hope and pray that the Court [will] see that its 'ruling' was premature, and grant plaintiff(s) request to reconsider [its] judgment on the dismissed claims and reinstate claims, and allow plaintiff(s) to amend their complaint."). The motions are not well taken because the record indicates that the Plaintiffs had notice of the filing of the motion, and because Judge Springmann's rulings were correct and she had discretion to make those rulings even in the absence of a response from the Plaintiffs. In their "Motion to Correct; Alter, or Reconsider Judgment" the Plaintiffs assert that "[t]he Court . . . prematurely ruled upon the 'state's' motion to dismiss, which the issues were not ready for 'ripeness.'" Motion to Correct, p. 2. However, the Plaintiffs also acknowledge that they "attended the Rule 16 'status conference' on 7-26-2018, before Magistrate Cherry and during that conference the 'state's' motion to dismiss was 'orally' argued. Plaintiff(s) argued that no 'notice' was served upon them and their motion lacked proper process. . . . Plaintiffs were not given a chance to 'reply' to defendants (state's) such motion, and contest that defendants Fed.R.Civ.Pro. 12(b) was invalid due to lack of 'notice' and service upon plaintiff(s)." *Id*. So the Plaintiffs, by their own admission, were aware of the Fort Wayne Police Department's motion to dismiss on July 26, 2018. They could have filed a response but failed to do so as of the date of Judge Springmann's order (September 4, 2018). It is possible, perhaps, that the Plaintiffs did not receive a paper copy of the motion to dismiss, although the certificate of service on the motion indicates that it was sent to the Plaintiffs by U.S. Mail at their address of record (which has not

3

changed since this case was filed). But again, even if they did not receive a copy of the motion in the mail, they were made aware of it at the Rule 16 conference and failed to file a responsive pleading. The Plaintiffs therefore were not prejudiced by the fact that they allegedly did not receive notice of the motion to dismiss when it was filed.

The more important reason why the Plaintiffs are not entitled to relief is because the federal claims that they were attempting to bring against the movants were not cognizable in the first place (in legalese, they failed to state claims upon which this Court could grant relief). Judge Springmann explained clearly in her order why the Plaintiffs' federal claims against the Indiana State Police, two of its officers, and the Noble County Prosecutor's Office are not legally viable, and her reasoning and holdings need not be revisited here. There was nothing by way of response from the Plaintiffs that would have or could have changed that.[2] *Donelson v. City of Chicago*, 2015 WL 5063090, at *1 (N.D. Ill. Aug. 26, 2015) (granting motion to dismiss despite plaintiff's failure to respond); *Goodwin v. Teamsters Gen. Local Union No 200*, 2018 WL 1175168, at *4 (E.D. Wis. Mar. 6, 2018) ("even though a complaint may comply with the simple notice pleading requirements of Rule 8(a)(2), it may nonetheless be dismissed under Rule 12(b)(6) if the plaintiff does not present legal arguments supporting the 'substantive adequacy' or 'legal merit' of that

---

[2] By way of example, Judge Springmann ruled that "any claim for monetary damages being pursued under § 1983 against the [Indiana State Police, Noble County Prosecutors and Indiana State Police officers in their official capacities] . . . is not a cognizable claim and will be dismissed." Opinion and Order (ECF 26), p. 3. She also ruled that the Plaintiffs failed to state a claim under the Americans with Disabilities Act because their "Complaint, which contains only a conclusory allegation that officers were not properly trained, is insufficient to state a claim[]" under the ADA. *Id.*, p. 6. The Plaintiffs' Complaint alleged many claims that were simply not legally viable, and so Judge Springmann dismissed them. While the Plaintiffs are obviously upset about that, there are no legal arguments the Plaintiffs could present that would transform their baseless claims into cognizable ones.

complaint[.]"); *Schmalz v. Village of N. Riverside*, 2015 WL 1598110, at *3 (N.D. Ill. Apr. 8, 2015) ("The Seventh Circuit has recognized that an 'unresponsive response is no response' and means the plaintiff has 'forfeited [the] right to continue litigating [his] claim.'") (quoting *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041-43 (7th Cir. 1999) (affirming dismissal of complaint pursuant to 12(b)(6) where plaintiff failed to respond responsively to motion)). In fact, Judge Springmann had the discretion to dismiss the Plaintiffs' claims *sua sponte*–she did not need a motion from the defendants, let alone a response from the Plaintiffs. "A *sua sponte* 'dismissal pursuant to Rule 12(b)(6) is permitted, 'provided that a sufficient basis for the court's action is evident from the plaintiff's pleading.'" *Williams v. Spitzer*, 2018 WL 6727103, at *10 (N.D. Ind. Dec. 20, 2018) (quoting *Ruiz v. Kinsella*, 770 F.Supp.2d 936, 945 (N.D. Ill. 2011)); *see also, Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003) ("District judges have ample authority to dismiss frivolous or transparently defective suits spontaneously, and thus save everyone time and legal expense."). For these reasons the Plaintiffs' motions to reconsider this Court's Opinion and Order entered on September 4, 2018, are denied.

**2. Motion to Defer (ECF 75) and Motion for Continuance (ECF 78).**

In both of these motions (it's unclear why they filed two) the Plaintiffs once again ask for additional time to respond to the FWPD's motion for summary judgment. Also in both, their reason is the same, which is that they are still conducting discovery. Motion to Defer, p. 1 (requesting additional time "pending further discovery."); Motion for Continuance, p. 1 ("Plaintiff is anticipating discovery from defendants[.]"). The docket indicates that discovery is,

in fact, ongoing.[3] That in itself is generally a good reason to grant a party additional time to respond to a dispositive motion. But the Court also notes that the Fort Wayne Police Department did not file a response opposing the request (and the deadline for doing so has long passed). For both reasons, the motions are granted.

### CONCLUSION

The Plaintiffs' motions for reconsideration (ECF 29 and ECF 31) are DENIED. The Plaintiffs' motions for extension of time (ECF 75 and ECF 78) are GRANTED. The Plaintiffs are directed to file their response to the FWPD's motion for summary judgment **no later than August 23, 2019. The Plaintiffs are cautioned that no additional extensions of time will be granted absent compelling reasons.**

Date: July 8, 2019.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana

---

[3] The discovery deadline in this case was June 28, 2019 (as set at the Rule 16 Conference on July 26, 2018). There are, however, still some discovery disputes pending before Magistrate Judge Susan Collins.