UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| DENICE MARTIN, QUINTON MARTIN, ANTHONY C. MARTIN, TONY MARTIN, and AMANDA DELAGRANGE, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1: 18-CV-121 ) |
| NOBLE COUNTY SHERIFF'S DEPT., ALLEN COUNTY SHERIFF'S DEPT., FORT WAYNE POLICE DEPT., INDIANA STATE POLICE DEPT., DOUG HARP NOBLE COUNTY SHERIFF, SGT. JOE HUTSELL NOBLE COUNTY SHERIFF, SGT. TIM DOLBY NOBLE COUNTY SHERIFF, DET SHAWN DUNAFIN, DET. MICHAEL CARROLL, LT. R. CORY CULLER, SGT. JOHN R. PETRO, NOBLE COUNTY PROSECUTOR'S OFFICE, and UNKNOWN OFFICERS, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**OPINION AND ORDER**

This matter is before the Court on the motion for summary judgment filed by Defendant Fort Wayne Police Department (ECF 45). The Plaintiffs, proceeding *pro se*, filed pleadings in opposition to the motion, including a response brief (ECF 109), an affidavit from Plaintiff Denice Martin (ECF 110), a memorandum of law (ECF 111), and a "Notice to Court, Show of Compliance" (ECF 112).[1] The FWPD filed a supplemental designation of evidence (ECF 115), a

---

[1] This "Notice to Court [and] Show of Compliance" filed by the Plaintiffs is a copy of a tort claim notice the Plaintiffs purportedly filed in the Allen County Superior Court and which was directed to the City of Fort Wayne. The document is undated and does not carry a file-stamp indicating that it was filed with the state court. But no matter–the City of Fort Wayne was never named as a defendant in this case and so the tort claim notice is not relevant to any issue before the Court.

reply brief (ECF 116), and a motion to strike portions of Denice Martin's affidavit (ECF 114). For the reasons set forth below, the motion for summary judgment is GRANTED; the motion to strike is DENIED as moot.

## BACKGROUND

The Plaintiffs filed this lawsuit on May 7, 2018, stating that it "is a civil action authorized by 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the constitutions [sic] of the United States." Complaint (ECF 1), p. 2. The Plaintiffs' allegations arise from an incident on August 22, 2017, when law enforcement officers entered Plaintiff Denice Martin's home where she lived with her teenage son, Quinton, who is autistic.[2] In the Complaint, Ms. Martin recounts the incident as follows:

> On or about the 22nd day of August, around 10pm I was laying in my bed and I heard a loud boom. The front door was kicked in and I saw a lot of flashing lights and was hearing a lot of commotion going on from the officers commands and them yelling while making entry to the home with their guns drawn. I was thrown to the ground face first by several unknown officers, who began giving me commands and shoved my head hard into the floor when I did not respond to him or his questioning.

*Id*., p. 3 (verbatim). Ms. Martin alleges that the officers used excessive force against her and

---

[2] It is undisputed that the Noble County Sheriff's Department obtained a search warrant on August 21, 2017, from the Noble County Superior Court to search the Martin home. *See* Amended Discovery Response by Indiana State Police, Affidavit in Support of Issuance of Search Warrant (ECF 72-1, pp. 1-4); Search Warrant (*id*., p. 5). The search warrant was issued to facilitate an investigation of the homicide of Suzanne Moore, who was alleged to have been a girlfriend of Tracey Martin, another of Denice Martin's sons, and who also was alleged to have been residing at the Martin home at the time of her death on or about August 21, 2017. Ms. Moore's body was discovered on the side of a road in Noble County, hence the proceedings for the search warrant in the Noble County Court. *Id*. A Noble County Judge issued the warrant, which authorized the Noble County Sheriff and the Indiana State Police (not the Fort Wayne Police Department) to enter and search the Martin home as part of the Moore homicide investigation. *Id*.

Quinton, including striking them both and screaming expletives at them. Ms. Martin further alleges as follows:

> I was detained and held against my will for over several hours handcuffed, no shoes on, no phone, helpless and was not allowed back into the house until like 5am. While in the backseat [of a police vehicle], I saw several officers go inside the house and come outside the house, with numerous properties and personal material was taken from the house. The officers were coming out of the house with boxes, safes, bags, computers and clothing items in hand, which at no time was a "search warrant" shown to me or presented for my observation as to the reason "why" they were there searching and breaking into my home.

*Id*., pp. 3-4 (verbatim). Ms. Martin also claims that "[p]ersonal property, computers, computers data and documents of my son Anthony who is incarcerated and my brother Tony personal property was also 'seized' by the officers, which I was storing for them in separate rooms upstairs in the house. They also seized my laptop computer along with other personal items. There is major damage to the front door, sofa, carpet, and couch from the forceful and reckless entry to the home, and the reckless searching for unknown items, which needs repaired immediately." *Id*., p. 4. Ms. Martin, on behalf of herself and the other Plaintiffs, is "suing for 92.7 million dollars (U.S. currency), and all medical related bills, out-of-pocket expense, pain and suffering, damages, etc., al." *Id*., p. 8.

## STANDARD OF REVIEW

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding

3

whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.* at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.*, 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg*, 870 F.2d 1327, 1330 (7th Cir. 1989). However, if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex*, 477 U.S. at 322; *Ziliak v. AstraZeneca LP*, 324 F.3d 518, 520 (7th Cir. 2003). "[S]peculation and conjecture" also cannot defeat a motion for summary judgment. *Cooney v. Casady*, 735 F.3d 514, 519 (7th Cir. 2013). In addition, not all factual disputes will preclude the entry of summary judgment, only those that "could affect the outcome of the suit under governing law." *Outlaw v. Newkirk*, 259 F.3d 833, 837 (7th Cir. 2001) (citation omitted).

## DISCUSSION

In its present motion, the FWPD argues that it is entitled to summary judgment because it

was not involved in the August 22, 2017, incident at Martin's home: "The Fort Wayne Police Department had no contact with the plaintiffs on August 22, 2017. The Fort Wayne Police Department was not present at [the Martin home] and did not search [the home] on August 22, 2017." Memorandum in Support of Motion for Summary Judgment (ECF 46), p. 1. In support of its position, the FWPD presents the affidavit of Sergeant Howard Johnson, who "holds the position of Sergeant of Internal Affairs for the [FWPD]." *Id.*, p. 2. Sergeant Johnson states in his affidavit as follows:

> . . . I currently hold the position of Sergeant of Internal Affairs for the Fort Wayne Police Department. . . . There are no records that any Fort Wayne police officer had contact with Denice Martin, Quinton Martin, Anthony Martin, Tony Martin, or Amanda Delagrange on August 22, 2017[,] as alleged in the Complaint. . . . The Fort Wayne Police Main Names Table lists all involvements that an individual has had with the Fort Wayne Police Department. I have reviewed the Fort Wayne Police Names Table for Denice Martin, Quinton Martin, Anthony Martin, Tony Martin, and Amanda Delagrange. The Fort Wayne Police Department had no involvements with [those Plaintiffs] on August 22 2017. . . . There are no records indicating that any Fort Wayne police officer was present at the [Martin home] in Fort Wayne on August 22, 2017.

Motion for Summary Judgment, Exhibit A, Affidavit of Sgt. Howard Johnson (ECF 45-1), pp. 1-2. The FWPD states emphatically that it "did not encounter or have any contact with the plaintiffs on August 22, 2017. The [FWPD] did not use any force against the plaintiffs on August 22, 2017. The [FWPD] did not violate the plaintiffs' Fourth Amendment rights. Memorandum in Support, p. 5.

It is hard to imagine a better defense to the Plaintiffs' claims than the one advanced by the FWPD, i.e., that the Fort Wayne police were not present during the incident giving rise to the Plaintiffs' allegations. Nonetheless, the Plaintiffs oppose the FWPD's motion for summary judgment. They contend that "defendants still are in possession of overdue 'discovery,' which

5

they failed to supplement." Plaintiffs' Response (ECF 109), p. 1. In her affidavit, Denice Martin states that she "witnessed Fort Wayne police officers, Allen Co. Sheriff's officers, Indiana State Police officers, and several plain cloth[ed] officers, go in and out of my home . . . searching the house and the cars outside of the home." Affidavit of Denice Martin (ECF 110), p. 2. So, the Plaintiffs' arguments in opposition to summary judgment are twofold: first, they contend that the FWPD "played a game of 'hide-n-seek' with . . . discovery"; and second, Ms. Martin filed an affidavit stating that she saw Fort Wayne police officers at the scene on August 22, 2017.

The Plaintiffs present no evidence whatsoever that indicates that the FWPD was present on August 22, 2017. Their arguments in opposition to the Department's motion for summary judgment are based on Ms. Martin's unsupported speculation or assumption. Ms. Martin states now that she saw Fort Wayne police officers among the many law enforcement officers she says stormed her home that night, but she presents no evidence to support that assertion. More importantly, as discussed later in this order, she testified previously that she could not identify which police departments were involved in the search of her home.

**I. Discovery.**

As stated above, the Plaintiffs argue that the FWPD was not forthcoming with discovery responses and so the motion for summary judgment should be denied. The Court has reviewed the docket and notes that while discovery was still ongoing as to some of the Defendants at the time the Plaintiffs filed their response to the motion for summary judgment, all discovery requests the Plaintiffs had served on the FWPD already had been answered. The discovery phase began on September 5, 2018, when the Noble County Sheriff's Department and several of the individual Defendants served discovery requests on the Plaintiffs. *See* ECF 27. On October 9,

2018, the Plaintiffs served discovery requests on the Defendants, including the FWPD. *See* ECF 36-40; ECF 42. The FWPD answered the discovery on October 28, 2018 (ECF 44). The Plaintiffs served the Defendants with a host of further discovery requests on January 18, 2019, and January 22, 2019, although those requests were propounded on the Noble County Sheriff's Department, not the FWPD. *See* ECF 58-65. Finally, on August 19, 2019, the Plaintiffs served several additional discovery requests on the individual officers named as Defendants, although again none of these requests were propounded on the FWPD. *See* ECF 99-108. Those most recent discovery requests were answered by the individual officer Defendants on September 10, 2019. *See* ECF 117-119. Thus, the Plaintiffs served discovery requests on the FWPD and the FWPD answered those requests prior to the filing of the motion for summary judgment. The Plaintiffs did not serve additional discovery on the FWPD and the record reflects that there is no outstanding or pending discovery directed at the FWPD. In sum, extensive discovery has been conducted in this case over the course of 15 months.

    In its responses to the Plaintiffs' discovery requests, provided to the Plaintiffs more than a year ago, the FWPD stated that "the Fort Wayne Police Department had no involvement with Denice Martin, Quinton Martin, Anthony Martin, Tony Martin, or Amanda Delagrange on August 22, 2017, and no Fort Wayne police officers was present at the [Martin home] in Fort Wayne on August 22, 2017." FWPD Answers to Plaintiffs' Interrogatories (ECF 43), p. 2. The FWPD further answered that "there was no activity at [the Martin home] by the FWPD on 08-22-2017. There is an entry [in Department records] of an Allen County booking sheet, for Tracy Martin who was arrested at [the Martin home] on 8-22-2017 by the Indiana State Police." *Id.*, p. 3. In their response to the Plaintiffs' request for documents, the FWPD stated that it had no

7

relevant documentary evidence to provide "due to the fact that the FWPD had no part in the investigation[]" and that "[t]here are no direct witnesses or involved personnel from the FWPD." FWPD Response to Plaintiffs' Request for Production of Documents (ECF 44), p. 2. The Plaintiffs, then, served discovery requests on the FWPD, the FWPD answered those requests stating again that the Department had no information or documentation to provide because none of its officers were present or involved in the events at the Martin home on August 22, 2017. The discovery phase in this case closed on June 28, 2019, pursuant to the order of this Court entered during the Rule 16 preliminary pretrial conference held on July 26, 2018. *See* ECF 25. (The Plaintiffs filed more discovery requests on August 19, 2019, but those requests were propounded on Defendants other than the FWPD.) The Plaintiffs' contention that the FWPD played "hide-n-seek" during discovery is unsupported by the record and, more importantly, the Plaintiffs have not identified a single discovery request to which the FWPD allegedly failed to respond. The Plaintiffs' argument does not create any genuine issue of fact that would defeat summary judgment.

**II. Denice Martin's prior sworn testimony.**

The FWPD conducted discovery of its own, including deposing Denice Martin. Ms. Martin's deposition testimony provides the basis for the Department's motion to strike (ECF 114). In that motion, the FWPD argues that "[p]aragraphs 4, 5, and 6 of Denice Martin's affidavit directly contradict the deposition testimony she gave on June 21, 2019. As such, these paragraphs should be stricken." Motion to Strike, p. 3. As it relates to the motion for summary judgment, the FWPD states in that motion to strike as follows:

Denice Martin claims in her affidavit that she witnessed Fort Wayne police

8

> officers, Allen County officers, and Indiana State police officers go in and out of her house. (Denice Martin aff., para. 6). However, Denice Martin testified in her deposition that she cannot identify the police officers that were at her house or the department that they were from or worked for. Denice Martin testified that she does not have any evidence that there was a Fort Wayne police officer at [her home] on August 22, 2017. . . . Denice Martin testified that she does not have any evidence that any Fort Wayne police officer, or the Fort Wayne Police Department[] was involved with either preparing the search warrant, executing the search warrant, or conducting the search at [her home] on August 22, 2017.

Motion to Strike, p. 3. Accordingly, argues the FWPD, paragraph 6 of Ms. Martin's affidavit, wherein she expressly states that she "witnessed Fort Wayne Police Officers . . . go in and out of my home[,]" should be stricken since "[a] party opposing summary judgment may not create an issue of fact by submitting an affidavit that contradicts prior deposition or other sworn testimony." *Id.*, p. 1 (citing *Bukner v. Sam's Club, Inc.*, 75 F.3d 290, 292 (7th Cir. 1996)).

In support of its argument, the FWPD presents excerpts from Ms. Martin's deposition, in she testified as follows:

> Q. . . . You said there's police officers in your house. Do you know what department those police officers were from?
>
> A. I couldn't tell. There was a whole bunch of police officers outside.
>
> Q. All right. I'm talking about the officers that were in your house. Can you identify any of those officers or what–
>
> A. I couldn't–
>
> Q. . . . The officers that were in the house, can you identify them or the department that they were with or worked for?
>
> A. No. I couldn't identify them, no.
>
> . . .
>
> Q. Do you know what department the plain-clothed officers belonged to?

A. No.

. . .

Q. So officers that you can't identify executed a valid search warrant on [your home] on August 22nd, 2017; agreed?

A. Agree.

. . .

Q. Can you identify any of the officers that–

A. No.

Q. –allegedly dragged you out of the house?

A. No.

Supplemental Designation of Evidence, Transcript of Deposition of Denice A. Martin (ECF 115), pp. 7-14.

Accordingly, the FWPD argues that paragraph six of Ms. Martin's affidavit, wherein she states that she "witnessed Fort Wayne Police Officers . . . go in and out of my home" should be stricken since it directly contradicts her previous sworn deposition testimony. As the FWPD correctly notes, the Seventh Circuit has "'long followed the rule that parties cannot thwart the purpose of Rule 56 by creating 'sham' issues of fact with affidavits that contradict their prior depositions.'" Motion to Strike, pp. 1-2 (quoting *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1168 (7th Cir. 1996)). As another district court explained recently:

> When ruling on summary judgment, "a court may not make credibility determinations, weigh the evidence, or decide which inferences to draw from the facts; these are jobs for a factfinder." *Johnson v. Rimmer*, 936 F.3d 695, 705-06 (7th Cir. 2019) (internal citation omitted). However, parties cannot circumvent the purpose of summary judgment "by creating 'sham' issues of fact with affidavits that contradict their prior depositions." *Bank of Illinois v. Allied Signal Safety*

> *Restraint Systems*, 75 F.3d 1162, 1168 (7th Cir. 1996) (collecting cases). A court
> may disregard new sworn testimony when it 1) contradicts that same witness's
> earlier sworn deposition testimony and 2) fails to explain the contradiction or
> resolve any disparities. *Id*. at 1167-68. *See also Kopplin v. Wisconsin Cent. Ltd.*,
> 914 F.3d 1099, 1103 (7th Cir. 2019) (citing *Bank of Illinois* and applying the
> sham affidavit rule).

*Laborers' Pension Fund, et al. v. Innovation Landscape, Inc.*, 2019 WL 6699190, at *1 (N.D. Ill. Dec. 9, 2019).

The FWPD is entitled to judgment as a matter of law on any claims the Plaintiffs may be trying to bring against the Department. The Plaintiffs present no evidence whatsoever that indicates that the FWPD was involved in the events on August 22, 2017. Ms. Martin's statement in her affidavit that she "witnessed" Fort Wayne police officers in her home that night contradicts her prior testimony. Ms. Martin may have believed that Fort Wayne police were present, given that she says there were many officers present and much confusion and commotion at the time of the incident, but she presents no evidence at all to support that belief. The FWPD, on the other hand, has insisted emphatically from the time it filed its answer to the complaint that it was not present or involved in the events at the Martin home on August 22, 2017. *See* FWPD Answer to Plaintiffs' Complaint (ECF 10), p. 3 ("The Fort Wayne Police Department was not involved in this incident whatsoever, and the plaintiffs have filed a frivolous lawsuit against the Fort Wayne Police Department.").

The Plaintiffs' allegations against the FWPD are based solely on Denice Martin's unsupported and unfounded assumption that FWPD officers were among the many officers present at her home on August 22, 2017. The Plaintiffs present no evidence at all–and the record is devoid of any evidence–to support that assertion. In fact, the evidence submitted by the FWPD

in Sergeant Johnson's affidavit directly contradicts Ms. Martin's statement in her affidavit. Ms. Martin's statement was at best a mistake of fact and at worst a disingenuous attempt to state a claim against the FWPD. Either way, it does not give rise to a fact issue that survives the motion for summary judgment.

The FWPD also argues that it is entitled to summary judgment for additional reasons, including that the Department "is not a suable entity under Section 1983. Therefore, the federal claims asserted against the Fort Wayne Police Department should be dismissed as a matter of law." Memorandum in Support (ECF 46), p. 9. The FWPD correctly points out that the law "holds that a municipal police department is not a suable entity under Section 1983." *Id*. (citing *Best v. Portland*, 554 F.3d 698 (7th Cir. 2008)); also citing and quoting *Williams v. Fort Wayne Police Department*, 2009 WL 1616749 (N.D. Ind. June 9, 2009) (plaintiff "cannot pursue a Section 1983 claim against the Fort Wayne Police Department because it is a division of a municipal entity and has no separate legal existence separate from the municipal entity."). *Id*. The Plaintiffs did not respond to this argument by the FWPD, which provides another basis for the granting of the Department's motion for summary judgment.

**III. Motion to strike.**

Returning to the FWPD's motion to strike portions of Denice Martin's affidavit, that motion is rendered moot by the Court's decision that the Department is entitled to judgment as a matter of law. The Court considered Ms. Martin's assertion in paragraph six of her affidavit in the context of the motion for summary judgment and concluded that it does not create a triable issue of fact that. Since the challenged statement was considered by the Court and the FWPD's arguments prevailed anyway, the motion to strike that statement is rendered moot. The motion to

strike also challenges two other paragraphs in Ms. Martin's affidavit, but the statements contained in those paragraphs pertain to allegations of excessive force. Since the Court concludes for the reasons explained above that the FWPD is entitled to summary judgment on any claims alleged against it, the challenged paragraphs are irrelevant. Consequently, the motion to strike is rendered moot.

## CONCLUSION

For the reasons discussed above, the motion for summary judgment filed by Defendant Fort Wayne Police Department (ECF 45) is GRANTED and the Department's motion to strike (ECF 114) is DENIED AS MOOT.

Date: December 17, 2019.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana
