# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| DENICE MARTIN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 1:18-cv-00121-WCL-SLC |
| | ) |
| NOBLE COUNTY SHERIFF'S DEPT. | ) |
| *in their official and individual capacities*, | ) |
| *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is a motion (ECF 134) and supporting memorandum (ECF 134-1) filed by Plaintiffs seeking leave of Court to file their proposed amended complaint (ECF 130). For the following reasons, Plaintiffs' motion is DENIED.

*A. Background*

Plaintiffs filed their initial complaint on May 7, 2018, alleging violations of 42 U.S.C. § 1983 and the Americans with Disabilities Act, and raising multiple state law tort claims against various defendants, including the Fort Wayne Police Department ("FWPD") and the Noble County Prosecutors, stemming from the service of a warrant on August 22, 2017. (ECF 1). On July 26, 2018, the Court held a preliminary pretrial conference where it set a deadline of October 25, 2018, for Plaintiffs to seek leave of Court to amend their pleadings. (ECF 25). At this conference, Defendants had initially requested a September 25, 2018, deadline for Plaintiffs to seek leave to amend their pleadings and join parties. (*See* ECF 22 at 3). Anthony Martin, who was attending the conference telephonically, stated that he believed additional time was

necessary because Plaintiffs intended to amend their complaint.[1] Magistrate Judge Paul Cherry[2] subsequently set an October 25, 2018, deadline for Plaintiffs, and a November 26, 2018, deadline for Defendants. (ECF 25). Magistrate Judge Cherry also reminded the parties that they were free to seek the Court's leave to amend their pleadings after those deadlines.

On September 4, 2018, Chief Judge Theresa Springmann partially granted a motion to dismiss as to some of the Defendants including the Noble County Prosecutors. (ECF 26). Pertinent to the present discussion, Chief Judge Springmann held that because "[a] prosecuting attorney in Indiana clearly acts as a state official when prosecuting criminal cases," any claim seeking monetary damages under § 1983 was not cognizable and subject to dismissal. (*Id.* at 3 (citing *Bibbs v. Newman,* 997 F. Supp. 1174, 1178 (S.D. Ind. 1998))).

On October 31, 2018, the FWPD filed a partial motion for summary judgment, claiming in part that it was entitled to summary judgment because FWPD officers did not take part in the service of the warrant in question, and had no other contact with Plaintiffs on the day in question. (ECF 45, 46). Pertinent to the present motion, on November 28, 2018, Defendant Indiana State Police ("ISP") moved to quash multiple discovery requests that were signed solely by Anthony Martin, on the grounds that he did not sign the initial complaint in violation of Federal Rule of Civil Procedure 11, and was therefore not a party to this action. (ECF 50).

Magistrate Judge Cherry granted the motion to quash. (ECF 56 at 2 ("There is no signature of Anthony Martin on the Complaint. [(*See* ECF 1)]. Thus, Anthony Martin is not a proper party.")). In the same order, Judge Cherry denied a motion (ECF 52) to join Anthony Martin, Amanda Delagrange, and Tony Martin pursuant to Federal Rules of Civil Procedure

---

[1] The preliminary pretrial conference was recorded, and the Court has reviewed the audio recording in reaching its decision here.

[2] The case was reassigned to the undersigned Magistrate Judge on January 2, 2019.

18(a) and 20(a)(1)(A), finding the motion premature. (ECF 56 at 4-5). More specifically, Judge Cherry relied on a sworn declaration signed by Denice Martin stating that Plaintiffs were in the process of amending their complaint, presumably to include the signatures of the missing plaintiffs. (*Id.* at 4). In doing so, Judge Cherry noted that Plaintiffs had yet to file a motion seeking leave to amend pursuant to Local Rule 15-1(a). (*Id.* ("Northern District of Indiana Local Rule 15-1(a) requires that 'Motions to amend a pleading must include the original *signed* proposed amendment as an attachment.'")).

All the while, Defendant FWPD's motion for summary judgment remained pending. Plaintiffs requested and received three extensions to respond to the motion, giving them until August 23, 2019, to file a response. (*See* ECF 54, 57, 66, 74, 78, 92). During this pendency, FWPD deposed Denice Martin, who stated that at the time the warrant was served, and as of the time of her deposition, she could not identify any of the law enforcement officers who were involved in the service of the warrant as FWPD officers. (ECF 115 at 7-14). Plaintiffs eventually filed a response (ECF 109), a memorandum in support thereof (ECF 111), and a signed declaration by Denice Martin, stating that she did in fact recognize FWPD officers (ECF 110 ¶ 6). Plaintiffs also asserted that they had yet to receive discovery. (ECF 109 at 2-3). On December 17, 2018, District Judge William Lee granted the motion for summary judgment, noting that FWPD had answered all discovery requests posed to it, consistently denying any involvement in the event leading to the present suit. (ECF 132 at 7-8). Judge Lee further held that Denice Martin's declaration, without any evidentiary support, did "not give rise to a fact issue that survives the motion for summary judgment," and in any event "a municipal police department is not a suable entity under Section 1983." (*Id.* at 12 (citation and internal quotation marks omitted)).

Plaintiffs filed their amended complaint on November 22, 2018, before Judge Lee issued his order on the motion for summary judgment. (ECF 130). However, because the amended complaint was untimely under Federal Rule of Civil Procedure 16, and because Plaintiffs failed to seek the Court's leave as required pursuant to Federal Rule of Civil Procedure 15, Plaintiffs were directed to file the present motion and the Clerk was directed to show Plaintiffs' filing as a proposed amended complaint. (ECF 131). Plaintiffs' proposed amended complaint substantially mirrors their initial complaint except in the following relevant respects: (1) the proposed complaint is signed by Anthony Martin, in addition to Denice Martin and Quinton Martin, (2) Plaintiffs now allege that Denice Martin is able to identify FWPD officers who were involved in serving the warrant, and (3) Plaintiffs seek to add a claim against John Ammo, the Noble County prosecutor who allegedly prepared the search warrant at issue. (ECF 130).

In the present motion, Plaintiffs advance a variety of arguments. First, they maintain they were prejudiced by the failure of the parties to respond to discovery requests filed by Anthony Martin, arguing that Defendants are playing "hide-n-seek" with relevant information.[3] (ECF 134 at 4). They also attack the Court's scheduling conference, arguing that it was "ceremonial and ritualistic" and complaining that defense attorneys who were present have since withdrawn from the case. (*Id.* at 2-3). Finally, Plaintiffs contend that they need to amend the complaint in order to identify previously unknown officers and to add a "conflict of interest" claim against the Noble County prosecutor who prepared the search warrant. (*Id.* at 5-6). Defendants have not filed a response, and their time to do so has now passed. N.D. Ind. L.R. 7-1(d)(3)(A).

---

[3] In support of their contention, Plaintiffs cite to the various discovery responses of Defendants at ECF 69, 70, 71, and 72. While the relevant Defendants did raise objections to the discovery requests in each of these entries, the objections were based on either the breadth of the request, claims of privilege, or violation of the Federal Rules. As such, it is unclear how any of the discovery responses cited by Plaintiffs concern Anthony Martin's status as a non-party or how an amended complaint would resolve these objections.

### B. Legal Standards

Pursuant to Federal Rule 16, the Court must issue a scheduling order limiting the time "to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). When a motion to amend is filed after the Rule 16 deadline to do so has passed, the Court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the requirements of Rule 15(a)(2) [are] satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (quoting *Alito v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011)). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted) (upholding a denial of a motion for leave to amend nine months after the deadline to amend had passed).

Pursuant to Federal Rule 15, when a party can no longer amend the pleadings as a matter of right, a party must seek the court's leave or the written consent of the opposing party. While "leave is to be freely given when justice so requires," Fed. R. Civ. P. 15, "the decision as to whether to grant a motion to amend a complaint is entrusted to the sound discretion of the trial court," *Cohen v. Ill. Inst. of Tech.*, 581 F.2d 658, 661 (7th Cir. 1978) (collecting cases). Further, leave to amend is "inappropriate where there is undue delay, bad faith, dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992) (citing *Villa v. City of Chi.*, 924 F.2d 629, 632 (7th Cir. 1991)). "While delay in itself does not constitute a sufficient basis for denying a motion to amend, the longer the delay, the greater the presumption against granting of leave to amend." *Id.* (citation and internal quotation marks omitted).

5

Further, an amendment is futile if it would not survive a dispositive motion such as a motion to dismiss or a motion for summary judgment. *See King ex rel. King v. E. St. Louis Sch. Dist. 189*, 496 F.3d 812, 819 (7th Cir. 2007) ("An amendment is futile if the amended complaint would not survive a motion for summary judgment."); *see also Wilson v. Am. Trans Air, Inc.*, 874 F.2d 386, 392 (7th Cir. 1989) ("An amendment is a 'futile gesture' if the amended pleading could not survive a motion for summary judgment."); *Duthie v. Matria Healthcare, Inc.*, 254 F.R.D. 90, 94 (N.D. Ill. 2008) ("For the plaintiffs, futility is measured by the capacity of the amendment to survive a motion to dismiss." (citing *Crestview Vill. Apts. v. U.S. Dep't of Hous. & Urban Dev.*, 383 F.3d 552, 558 (7th Cir. 2004); *Barry Aviation Inc. v. Land O's Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 n.3 (7th Cir. 2004) (collecting cases))).

*C. Analysis*

1. Plaintiffs Were Not Diligent

As an initial matter, the length of the delay in seeking leave to amend the complaint belies any argument of "good cause" under Rule 16 and weighs heavily against allowing Plaintiffs to amend their complaint to add Anthony Martin as a plaintiff. Based on the recording of the preliminary pretrial conference, Plaintiffs were contemplating amending their complaint at the earliest stages of this action. The deadline for Plaintiffs to seek leave to join additional parties and to amend their pleading, October 25, 2018, passed over a year prior to the date Plaintiffs attempted to file their amended complaint, November 22, 2019. Courts have held that shorter delays than this weigh in favor of denying a late motion to amend under Rule 16. *See Trustmark Ins. Co.*, 424 F.3d at 553 (upholding the denial of a motion for leave to amend nine months after the deadline had passed); *see also Wilson v. Jones*, Case No. 4:16-cv-04025-SLD-JEH, 2017 WL 9772439, at *2 (C.D. Ill. Dec. 6, 2017) (denying a motion to amend filed more

than eight months after the deadline passed); *Mintel Int'l Grp., Ltd. v. Neergheen*, 636 F. Supp. 2d 677, 690 (N.D. Ill. 2009) (denying a motion to amend not filed "until fifty-six days after the deadline for amendments" had passed).

Even more pertinently, at least as to the issue of adding Anthony Martin as a party, Plaintiffs were aware of the signature issue over nine months prior to when they filed their amended complaint. (*See* ECF 56). While newly discovered information could provide a basis for a party to seek leave to amend its pleadings, the fact that Plaintiffs have been aware of this issue, again, suggests a lack of diligence. *See Trustmark Ins. Co.*, 424 F.3d at 553 (noting that the plaintiff "was or should have been, aware of the facts underlying" its proposed claim months before it sought to amend its pleadings); *Wilson*, 2017 WL 9772439, at *2 ("Delays of six months, seven months, and [eight] months to add allegations of circumstances, some of which changed [eleven] months prior, simply do not suggest that the Plaintiff was diligent in seeking to amend her Complaint."); *Mintel Int'l Grp., Ltd*, 636 F. Supp. 2d at 689-90 (noting that the issue the plaintiff had sought to add to its complaint had been "contested since the beginning of this case and has been the subject of several motions"). As such, it cannot be said that Plaintiffs were diligent in filing their motion for leave to amend at least as to the issue of adding Anthony Martin.

Plaintiffs' complaints regarding how the deadlines were set are also unpersuasive. To the extent that Plaintiffs argue that the scheduling conference was "ceremonial and ritualistic" they cite no legal authority showing any error on the part of the Court. Obviously, scheduling orders are made habitually—the Court is generally required to issue an order under the Federal Rules. *See* Fed. R. Civ. P. 16(b)(1)(A) ("Except in categories of actions exempted by local rule, the district judge--or a magistrate judge when authorized by local rule--*must* issue a scheduling order

. . . .") (emphasis added). Further, Plaintiffs' reliance on the Fourth Circuit Court of Appeals decision in *McCargo v. Hendrick*, 545 F.2d 393 (4th Cir. 1976), is misplaced. The Fourth Circuit there held a local rule in the Northern District of West Virginia was inconsistent with the simplicity intended by Rule 16. The local rule in question required the parties in writing to provide:

> statement of contentions and position of each party litigant, statement of plaintiff's facts controverted by others, statement of defendant's facts controverted by others, statement of issues of law uncontroverted and uncontested, statement of issues of law controverted, and summary statement of issues of fact and law to be resolved.

*McCargo*, 545 F.2d at 401. Pursuant to Federal Rule 26(f) and Local Rule 16-1(d), the parties here were only required to meet and confer and file a report consistent with a three-page form available on the Court's website. That form simply provides fill in the blank spaces for the parties to include their proposals for the dates and limits that are either required or permitted by Rule 16. Plaintiffs appear to have been provided with the opportunity to draft the Rule 26(f) Report of Parties' Planning Meeting, and in any event, Magistrate Judge Cherry gave Plaintiffs an opportunity to comment on the proposed dates at the preliminary pretrial conference. Not only that, but he extended the proposed dates on Anthony Martin's request and notified Plaintiffs of the possibility of seeking the Court's leave to amend. In other words, this is not a matter where Plaintiffs are being penalized for failing to comply with confusing legal minutia. Plaintiffs were made aware of the need to set a deadline, given feedback on their choice of the deadline, and were twice made aware of the procedure to amend a complaint required after the deadline passed.

Plaintiffs' complaints about defense counsel's withdrawal are similarly toothless. The deadlines set in this case were not, as Plaintiffs contend, "binding stipulations" made by those

who lacked authority. (ECF 134-1 at 3). They were required features of case management that the parties had the opportunity to comment on. Plaintiffs could have moved to extend the deadline to amend pleadings as facts emerged through discovery, as they now claim has occurred, but they did not. Plaintiffs were obviously aware of the ability to request extensions from the Court—they did so multiple times in relation to FWPD's motion for summary judgment. (*See* ECF 54, 67, 78). Further, as to Plaintiffs' complaint regarding missing discovery, the discovery period has similarly closed months ago. (*See* ECF 25 (setting a discovery deadline of June 28, 2019)). Plaintiffs previously sought to compel discovery they believed was being withheld, which the Court granted in part. (ECF 95). Since then, however, Plaintiffs have not sought to extend the discovery deadline or otherwise objected to Defendants' responses.

As such, Plaintiffs have failed to show how "good cause" exists in support of amending their complaint so as to add Anthony Martin as a party. Plaintiffs further allege, though, that new information and legal complexities did not come to light until "after deposition in this above matter (6-21-2019)" such as the fact that the Noble County prosecutor who had prepared the search warrant in this case had an alleged conflict of interest. (ECF 134-1 at 6). Presumably, Plaintiffs are referring to the deposition of Denice Martin on June 21, 2019 (ECF 73), and FWPD's supplement to their motion to dismiss and motion to strike Denice Martin's declaration. (*See* ECF 45, 46, 114, 115). The supposed information that came to light due to the deposition of Denice Martin, though, goes to other grounds for denying Plaintiffs' motion.

2. Amending the Complaint Would Be Futile

As mentioned, it is within the Court's discretion under Rule 15 to deny a motion for leave to amend when the proposed amendment would be futile, in the sense that the amended

complaint would not survive a dispositive motion. Presumably, Plaintiffs' reference to Denice Martin's deposition is in response to her statement made concerning her inability to recognize members of FWPD serving the search warrant on August 22, 2017. (ECF 115). For example, Plaintiffs' proposed amended complaint states:

> Afterwards, and through discovery, depositions, going to the police department, receiving my gun back and seeing the officers again, I was able to identify certain officers and their identity who played key parts in the August 22, 2017 incident. I know for sure that it was . . . Fort Wayne Police . . . at my house on August 22, 2017.

(ECF 130 ¶ 11).

To the extent that Plaintiffs' proposed amended complaint is an attempt to survive FWPD's motion for summary judgment, it is obviously futile. As mentioned, Plaintiffs have already attempted to avoid summary judgment by filing a declaration of Denice Martin stating that she could now remember the presence of FWPD officers, which Judge Lee disregarded, concluding that it did not raise a factual dispute sufficient to survive a motion for summary judgment. (ECF 132 at 11-12). Further, even if this is not merely an attempt to manufacture a dispute, Judge Lee already ruled that FWPD is not a suable entity for a § 1983 claim. (*Id.* at 12). Therefore, Plaintiffs' proposed amended complaint, as to FWPD, would not survive a motion for summary judgment and is therefore futile.

Similarly, to the extent that Plaintiffs are seeking to add John Ammo, the Noble County prosecutor who prepared the search warrant, in his official capacity, allowing such an addition would be contrary to Chief Judge Springmann's order dismissing the § 1983 claims against the Noble County Prosecutors. (ECF 26; *see also Latta v. Chapala*, No. 2:03-CV-41, 2005 WL 2786999, at *5 (N.D. Ind. Oct. 25, 2005) ("The Eleventh Amendment bar extends to suits for money damages against state officials sued in their official capacities, because a judgment

against a public official in his official capacity imposes liability on the entity that he represents. . . . Consequently [Defendant,] in his official capacity as LaPorte County Prosecutor . . . [is] immune from Plaintiffs' claims for monetary damages under section 1983." (citations and internal quotation marks omitted); *see also MSA Realty Corp. v. State of Ill.*, 990 F.2d 288, 291 (7th Cir. 1993), *aff'd*, 221 F. App'x 443 (7th Cir. 2007). As such, the proposed amended complaint is futile in this regard as well.

### *D. Conclusion*

In conclusion, Plaintiffs' motion seeking leave to amend to add Anthony Martin's signature to the complaint is untimely under Rule 16. Furthermore, because of the length of the delay in seeking to amend, coupled with the multiple instances where Plaintiffs were made aware of the need to seek the Court's leave to amend, there is no good cause to allow an amendment after the deadline. Finally, to the extent that Plaintiffs are now seeking to clarify their § 1983 claim against FWPD or add John Ammo as a party, the amendments would be futile. As such, Plaintiffs' motion for leave to amend (ECF 134) is DENIED.

Further, as Anthony Martin is not, and has never been, a party to this action, the Clerk is DIRECTED to remove his name from the docket and case caption. Any future filings made by Anthony Martin in this case will not be accepted by the Court.

SO ORDERED.

Entered this 22nd day of January.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge